J. Randall Jones, Esq. (#1927)
jrj@kempjones.com
Mark M. Jones, Esq. (#267)
m.jones@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
Tel: (702) 385-6000
Fax: (702) 385-6001
Attorneys for Venetian Casino Resort, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re Application of<br><br>Kate O'Keeffe<br><br>To Issue a Subpoena for the Taking of a Deposition and the Production of Documents for Use in a Foreign Proceeding | Case No.: 2:14-cv-01518-RFB-CWH<br><br>JOINT [PROPOSED] PROTECTIVE ORDER |

WHEREAS, Kate O'Keeffe ("O'Keeffe"), the defendant in Sheldon Gary Adelson and Kate O'Keeffe, High Court of the Hong Kong Special Administrative Region (HCA 342/2013) (the "Hong Kong Lawsuit"), applied to the United States District Court for the District of Nevada (the "District Court") for assistance in obtaining discovery for her defense in that case under 28 U.S.C. § 1782 (the "Application"); and

WHEREAS, O'Keeffe filed an Application seeking the issuance of a subpoena to Jonathan Allan Molnar ("Molnar") to testify at a videotaped deposition and produce documents in a civil action (the "Subpoena") (The documents and deposition testimony are referred to collectively herein as the "Subpoenaed Materials"); and

WHEREAS, third party the Venetian Casino Resort, LLC (the "Venetian") objected to the Application because, inter alia , it believed that the Subpoenaed Materials could include

information that is subject to confidentiality agreements and which is otherwise proprietary (Dkt. No. 55) (the "Objection"); and

WHEREAS, the District Court denied the Objection on April 4, 2016 (Dkt. No. 64); and

WHEREAS, the District Court ordered O'Keeffe and the Venetian to meet and confer and submit a proposed protective order in anticipation of any disclosures that might involve confidential commercial information;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by O'Keeffe and the Venetian (collectively, the "Parties") as follows:

1. The Venetian may designate portions of the Subpoenaed Materials as "CONFIDENTIAL." Any such "CONFIDENTIAL" designation shall subject the designated portion to the provisions of this Protective Order (hereinafter, the "Order").

2. The "CONFIDENTIAL" designation shall be used only for any portion of the Subpoenaed Materials that the Venetian considers in good faith to contain commercially sensitive and/or proprietary information not otherwise known or available to the public (the "Confidential Commercial Information").

3. The Order is not intended to give any party the right to indiscriminately designate material as "Confidential." The mere fact that a party might prefer that a document or deposition page be deemed "confidential" is not in and of itself sufficient to justify a confidential designation. Likewise, a party may not designate material as "confidential" under the terms of this Order merely because disclosure might cause discomfort or embarrassment. Instead, this Order is designed to provide relief for confidential proprietary commercial information.

4. Treatment of Documents Produced in Response to the Subpoena

   a. Any documents produced by Molnar in response to the Subpoena will be provisionally treated as CONFIDENTIAL for up to ten (10) business days after their service to enable review by the parties' counsel. Within ten (10) business days of being served with any documents produced in response to the Subpoena, the Venetian may

request that specific documents or portions thereof, identified by bates number, be stamped with the words "CONFIDENTIAL" on the face of the document and treated according to that designation.

  b. The Venetian shall in good faith determine whether specific Confidential Commercial Information may be redacted from any documents, such that redacted versions of those documents would not be designated "CONFIDENTIAL." In the event that any party disagrees with any of the requested designations and/ or redactions, that party may so notify the Venetian in writing of the objection within thirty (30) business days of receipt of the "CONFIDENTIAL" designation/redaction.  In the event the parties are unable to reach agreement as to re-designation and/or redactions, the parties may seek intervention from the Magistrate Judge as set forth in Section 11 herein.

5. Treatment of Deposition Testimony

  a. Deposition testimony, any portion of deposition testimony or exhibits to depositions may be designated as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or by advising counsel in writing within ten (10) business days of the receipt of the deposition transcript.

  b. The Venetian shall in good faith determine whether specific Confidential Commercial Information may be redacted from any deposition testimony, any portion of deposition testimony or exhibits to depositions, such that redacted versions of the same would not be designated "CONFIDENTIAL." In the event that any party disagrees with any of the requested designations and/or redactions, that party may so notify the Venetian of the objection in writing within thirty (30) business days of receipt of the "CONFIDENTIAL" designation of the deposition testimony, any portion of deposition testimony or exhibits to depositions   In the event the parties are unable to reach agreement as to re-designation and/or redactions, the parties may seek intervention from the Magistrate Judge as set forth in Section 11 herein

6. Whenever any Subpoenaed Material designated as "CONFIDENTIAL" is used or submitted to any court in conjunction with any filing or proceeding, the designating party shall have the burden of justifying the sealing of any such filing, pursuant to this Order, applicable local laws and/or court rules, if any. Before seeking to maintain the sealing of any documents filed with a court, the designating party must assess whether redaction is a viable alternative to complete sealing. The mere fact that a party stamped "CONFIDENTIAL" on a document, or deposition testimony, any portion of deposition testimony or exhibits to depositions even if done in good faith, will not be sufficient to justify the sealing of a filing.

7. Any Subpoenaed Material designated "CONFIDENTIAL" shall be and remain confidential and shall not be disclosed in any fashion, in writing or orally, except as explicitly permitted by this Order, and may not be used for any purpose other than in connection with prosecution or defense of or in discovery related to or in connection with the Hong Kong Lawsuit.

8. Except upon prior written consent of the Venetian, any Subpoenaed Material designated as "CONFIDENTIAL" shall be held in confidence and shall be used solely for the purpose of prosecution or defense of or discovery for the Hong Kong Lawsuit. Access to Subpoenaed Materials designated as "CONFIDENTIAL" shall be limited to:

(a) counsel for the parties, including in-house counsel and employees of such counsel;

(b) the Magistrate Judge, District Court and court personnel as allowed herein;

(c) counsel for the parties in the Hong Kong Lawsuit, including in-house counsel and employees of such counsel who are assisting in the prosecution or defense of or in discovery for the Hong Kong Lawsuit;

(d) Molnar and his counsel;

(e) Applicant Kate O'Keeffe;

(f) experts and consultants (including independent experts and consultants and employees or clerical assistants of experts) who are employed, retained or otherwise

consulted by counsel identified in subsections (a) or (c) for the purpose of analyzing data, conducting studies or providing opinions to assist in the Hong Kong Lawsuit;

(g) witnesses for the limited purpose of preparing for testimony or giving testimony either in deposition or at trial;

(h) the author, addressee or recipient or person who previously had access to the Subpoenaed Material designated as "CONFIDENTIAL";

(i) the insurers of any of the parties to the Hong Kong Lawsuit; and

(j) any person to whom the Venetian agrees in writing, although no disclosure of any Subpoenaed Materials designated as "CONFIDENTIAL" may be made to such person until written agreement is provided by the Venetian.

9. In the event that O'Keeffe seeks to disclose Subpoenaed Materials designated "CONFIDENTIAL" to a specific individual not otherwise authorized under this Order, and the Venetian refuses to consent to such disclosure after reasonable notice, then O'Keeffe may submit a written request to the Magistrate Judge with a copy to the Venetian. Such request shall identify the individual or entity and state the reason for the request. No "CONFIDENTIAL" information shall be provided or disclosed to said individual or entity for a period of ten (10) business days following the written request to the Magistrate Judge. During that ten (10) business day period, the Venetian and any other person or entity that opposes the request may file an objection with the Magistrate Judge. Until such objection is resolved by the parties or the Magistrate Judge, no "CONFIDENTIAL" information may be disclosed to the individual or entity who is the subject of the pending objection. Access to Subpoenaed Materials designated as "CONFIDENTIAL" shall further be limited to all persons given access under Sections 8 (f), (g), (i), (j) and 9 after they have executed the Confidentiality Agreement attached hereto as Exhibit "1".

10. This Agreement shall be interpreted, applied and enforced by the Magistrate Judge. The parties agree that jurisdiction over this action is to be retained by the Magistrate Judge for purposes of enabling any party or persons affected by this Order, to apply to the

Magistrate Judge at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may be appropriate.

11. If any party disagrees with the designation of any Subpoenaed Materials as "CONFIDENTIAL," that party may at any time within thirty (30) business days of receipt of the designation give written notice to the Venetian, specifically describing the designated Subpoenaed Material along with the basis for the request to re-designate. The Venetian shall thereafter advise the party whether it will change the designation. Unless the parties agree otherwise, the Venetian shall have ten (10) business days from the receipt of such written notice to apply to the Magistrate Judge for an order designating the material as "CONFIDENTIAL". If such an application is made, the "CONFIDENTIAL" designations shall remain "CONFIDENTIAL" until there is a ruling by the Magistrate Judge. The Venetian will have the burden of establishing that the document or information is entitled to be designated as "CONFIDENTIAL." If the Venetian does not make a timely motion in the Magistrate Judge, then the documents or information will be effectively de-designated. Any party can appeal a decision of the Magistrate Judge to the District Court, but must seek and obtain a stay of disclosure if the party wishes to stay disclosure pending the appeal to the District Court.

12. In the event a dispute arises under this Order, no party to the dispute will proceed by motion to the court with respect to such dispute without first promptly meeting and conferring with the other party(-ies) to the dispute in an attempt to resolve the dispute.

13. This Order shall not be construed to prevent the parties from applying to the Magistrate Judge for relief therefrom or for further or additional protective orders, or from agreeing between themselves to modification, provided however that any such modifications must be in writing and agreed upon by both parties.

14. This Order shall be binding on, and inure to benefit of, the parties hereto and his or its agents, employees, employers, successors, assigns, heirs, administrators and representatives.

15. This Order shall survive the termination of the Hong Kong Lawsuit, and the Magistrate Judge shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

DATED this 26th day of April, 2016.

| KEMP JONES & COULTHARD, LLP | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| */s/ Mark M. Jones* | */s/ Constance M. Pendleton* |
| _____ | _____ |
| J. Randall Jones, Esq. (#1927)<br>jrj@kempjones.com<br>Mark M. Jones, Esq. (#267)<br>m.jones@kempjones.com<br>KEMP, JONES & COULTHARD, LLP<br>3800 Howard Hughes Parkway, 17th Floor<br>Las Vegas, NV 89169<br>Tel: (702) 385-6000<br>Fax: (702) 385-6001<br>Attorneys for Venetian Casino Resort, LLC | Laura R. Handman<br>Constance M. Pendleton<br>1919 Pennsylvania Avenue, NW 8th Floor<br>Washington, DC 20006 Telephone: (202) 973-4224 Facsimile: (202) 973-4499<br>laurahandman@dwt.com<br>conniependleton@dwt.com<br>admitted pro hac vice)<br><br>Pat Lundvall (NSBN 3761)<br>Kristen T. Gallagher (NSBN 9561)<br>McDONALD CARANO WILSON LLP<br>2300 W. Sahara Avenue, Suite 1200 Las Vegas, NV 89102<br>Telephone: (702) 873-4100<br>Facsimile: (702) 873-9966<br>lundvall@mcdonaldcarano.com<br>kgallagher@mcdonaldcarano.com<br>Attorneys for Kate O'Keeffe |

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: April 27, 2016

EXHIBIT "1"

CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulated Protective Order entered in In re Application of Kate O'Keefe To Issue a Subpoena for the Taking of a Deposition and the Producing of Documents for Use in a Foreign Proceeding, Case No.: 2:14-cv-01518-RFB-CWH, pending in the United States District Court for the District of Nevada, on _____, _____, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects.

3. I understand that by signing this instrument, I will be eligible to receive information marked "CONFIDENTIAL" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any information marked "CONFIDENTIAL" in accordance with the terms and conditions of the Protective Order.

DATED:

(Signature)

(Printed Name)

(Address)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing JOINT [PROPOSED] PROTECTIVE ORDER was made on the 26th day of April, 2016, via the United States District Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ David Blake*
_____

An employee of Kemp, Jones & Coulthard